IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-058-01 |
| | * | |
| MICHELLE SULLIVAN | * | |

O R D E R

On October 7, 2015, Defendant Michelle Sullivan pled guilty to one count of conspiracy to commit wire fraud, a violation of 18 U.S.C. §§ 1349 and 1343. On January 12, 2016, Sullivan was sentenced to 72 months' imprisonment and three years of supervised release and ordered to pay $945,005.46 in restitution and a $100 special assessment. Sullivan is currently incarcerated at the Federal Prison Camp in Alderson, West Virginia.

Presently, Sullivan moves this Court to recommend to the Bureau of Prisons ("BOP") that her last twelve months be served in a community correctional facility; more specifically, six months at a Residential Reentry Center, i.e., a halfway house, and six months of home confinement. (Doc. 132.)

Once a federal court has imposed a sentence, the BOP assumes legal authority over the offender. Only the BOP can

designate the place of an inmate's imprisonment. See 18 U.S.C. § 3621(b). The Eleventh Circuit has stated that the BOP should be afforded wide discretion in classifying and housing prisoners. United States v. Ramdeo, 705 F. App'x 839 (11th Cir. 2017). Under 18 U.S.C. § 3624(c), the BOP may grant pre-release custody to an inmate, which would allow her to serve a portion of her federal sentence in the community, whether by home confinement or in a community correctional facility. The BOP considers five factors listed in § 3621(b), as well as the guidelines in § 3621(c)(1), to make an individual determination on each inmate. One of the factors relevant here is "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4).

In this case, the Court set forth its reasons for the sentence imposed on the record at the sentencing hearing. While the Court recommended placement in the satellite camp at the Bureau of Prisons facility in Aliceville, Alabama, it did not make a recommendation on pre-release custody. It is the Court's considered view that the BOP is much better positioned to evaluate the individual circumstances of an inmate to include her accomplishments, behavior record and other mitigating factors. While this Court commends Sullivan's

initiative in filing the motion and in her stated desire to become a productive member of society at the earliest opportunity, this Court will not offer an opinion - one way or another - as to Sullivan's suitability for pre-release custody. The Court will leave this eligibility determination to the experienced discretion of the BOP.

Upon the foregoing, Sullivan's motion for a recommendation from this Court (doc. 132) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_29th\_\_\_ day of June, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA